09-4547-ag
Soumare v. Holder

BIA
Chase, IJ
A079 327 538

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of October, two thousand ten.

PRESENT:
        JOSEPH M. McLAUGHLIN,
        JOSÉ A. CABRANES,
        RICHARD C. WESLEY,
            *Circuit Judges.*

_____

OUSMANE SOUMARE, also known as Ousman Soumare, also known as Ousmane Ramazane, also known as Ousmani Ramazani
        *Petitioner,*

        v.                      09-4547-ag
                                  NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Lauren E. Fascett, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ousmane Soumare, a claimed native and citizen of Mauritania, seeks review of the October 6, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Ousmane Soumare*, No. A079 327 538 (B.I.A. Oct. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA did not abuse its discretion in denying Soumare's motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). "[A] party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2). Indisputably, Soumare's motion was untimely because he filed it more than two years after the BIA's final order of removal. However, the time and number limitations do not apply to a motion to reopen seeking to apply for asylum "based on changed circumstances arising in the country of nationality or in the country to which

deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).

Evidence presented by Soumare of how the 2008 military takeover in Mauritania caused him to fear persecution due to his alleged past persecution by the military in Mauritania would be material only if Soumare had credibly established his identity.  The BIA thus did not err in relying on the IJ's prior adverse credibility finding to deny Soumare's motion to reopen.  *See Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (per curiam)(new evidence is not material if a grant of relief would still be precluded due to a prior adverse credibility determination).  Soumare's contention that his claim of a well-founded fear of future persecution is not precluded by the adverse credibility finding is without merit.  Soumare's alleged fear of future persecution was dependent on his prior claim that he was a Mauritanian national and had suffered past persecution at the hands of the military, testimony which was previously deemed not credible.  *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) ("[A]n applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, *so long as the factual predicate of the*

3

*applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.")* (emphasis in original).

Soumare's final contention – that the IJ did not actually make a credibility finding regarding his identity – is not properly before us for review.  In the underlying BIA decision, affirming the IJ's removal order, the BIA concluded that Soumare failed to credibly establish his identity.  Because Soumare did not file a petition for review of that BIA decision, the issue is not properly before this Court. *See Alam v. Gonzales*, 438 F.3d 184, 186 (2d Cir. 2006) (noting that, on review of a denial of a motion to reopen, this Court's "review is limited to the BIA's decision not to reopen," and does not involve an assessment of the "merits of the underlying exclusion proceedings").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4